UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAULA M. HARRIS, | ) No. CV 08-5936-GW (PLA) |
| Plaintiff, | ) |
| v. | ) **ORDER ADOPTING FINDINGS,** |
| | ) **CONCLUSIONS AND RECOMMENDATION** |
| COUNTY OF LOS ANGELES, et al., | ) **OF UNITED STATES MAGISTRATE JUDGE** |
| Defendants. | ) |

## INTRODUCTION

On March 1, 2010, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that plaintiff's action be dismissed with prejudice. Thereafter, on April 16, 2010, plaintiff filed Objections to the R&R ("Objections" or "Objs."), together with a "Supplemental Statement of Genuine Issues of Material Fact" ("Supplemental Statement").

## DISCUSSION

In a separate declaration, plaintiff explains that she was unable to complete a deposition of defendant Reynolds prior to filing her Statement of Genuine Issues in November 2009 ("Plaintiff's Statement") in response to defendants' Motion for Summary Judgment, and she seeks leave to "supplement" her earlier statement. In response to a Minute Order of the Magistrate

Judge issued on April 20, 2010, which instructed plaintiff to file an affidavit setting forth the specific reasons that she was unable to present the additional information prior to the March 1, 2010, issuance of the R&R, plaintiff merely states that Reynolds had failed to appear at a scheduled deposition on August 6, 2009, and other discovery responses from defendants were "still outstanding" at the time plaintiff filed her Plaintiff's Statement in November 2009. (See "Plaintiff's Supplemental Declaration in Support [of] Statement of Genuine Issues of Material Fact" ("Plaintiff's Decl. B"). Although the Court finds that plaintiff's explanation is entirely inadequate to account for the many months of further delay subsequent to November 2009, because plaintiff is proceeding pro se, the Court has considered plaintiff's Supplemental Statement as part of plaintiff's Objections. See, e.g., Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (where a plaintiff is proceeding pro se, the court must consider as evidence contentions offered in motions or pleadings where based on personal knowledge and attested under penalty of perjury), cert. denied, 546 U.S. 820 (2005). The Court, however, notes that pro se litigants are not excepted from court-ordered deadlines. See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986) (explaining that a pro se litigant must "abide by the rules of the court in which he litigates"); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Plaintiff raises the following objections to the R&R: (1) defendant Reynolds is not entitled to qualified immunity in his individual capacity for his actions related to "pulling plaintiff over at gun point while no search warrant had been issued" (Objs. at 2); (2) Sheriff Baca has a responsibility to ensure that plaintiff's complaint to the Sheriff's Department was investigated and resolved, and he failed to do so (Objs. at 2-3); and (3) the Court should retain supplemental jurisdiction over plaintiff's state law claims because "plaintiff believes that there are genuine issue[s] of fact" and because the statute of limitations "would have expired if the Court dismisses the state claims." (Objs. at 3).

First the Magistrate Judge did not find that Reynolds was entitled to a defense of qualified immunity on any claim. Rather, as stated in the R&R, the finding that Reynolds was entitled to summary judgment because plaintiff had failed to raise a genuine issue of material fact rendered it unnecessary to reach defendant's contention that he is entitled to a defense of qualified immunity. See R&R at 11 n.8.

Second, plaintiff's contention that Sheriff Baca failed to investigate a complaint she filed over alleged misconduct by deputy sheriffs is not relevant to the federal civil rights claims she raised in her Complaint. To the extent that plaintiff may be contending that this allegation is relevant to her Monell claim against Sheriff Baca, as stated in the R&R: "It follows from the Court's finding that Sergeant Reynolds did not violate plaintiff's federal constitutional rights during his execution of the search warrant that plaintiff also has failed to state a Monell claim against the County or the individual defendants in their official capacities." R&R at 12.

Third, the Magistrate Judge has recommended that supplemental jurisdiction be declined over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). The Supreme Court has stated that, when federal claims have been resolved prior to trial, "in the usual case the balance of factors will weigh toward remanding any remaining pendent state claims to state court." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (internal quotation marks omitted); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130 16 L. Ed. 2d 218 (1966). In determining whether to exercise discretion to dismiss plaintiff's state law claims, the Court has considered whether an exercise of jurisdiction over those cases would advance "the values of economy, convenience, fairness, and comity." Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1557 (9th Cir. 1994) (internal quotation marks omitted), overruled on other grounds, California Department of Water Resources v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008). In this case, trial was not necessary to dispose of plaintiff's federal claims and plaintiff's state claims have never been argued in this Court. Consequently, the value of judicial economy weighs in favor of dismissal. Further, the values of convenience, fairness and comity would best be served by allowing the California courts to decide the claims that arise under state law. See, e.g., Wren v. Sletten Constr. Co., 654 F.2d

529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim."). Moreover, pursuant to 28 U.S.C. § 1367(d), the statute of limitations on state law claims is tolled while plaintiff's case is pending in federal court. See 28 U.S.C. § 1367(d); Okoro v. City of Oakland, 142 Cal. App. 4th 306, 310-12, 48 Cal. Rptr. 3d 260 (Cal. App. 1 Dist. 2006).

Additionally, in a declaration attached to her Objections ("Plaintiff's Decl. A"), plaintiff raises another objection, which the Court construes as a request to take into consideration the following evidence in connection with her claims concerning defendant Reynolds. Plaintiff contends that, on August 3, 2007, three deputy sheriffs "were ordered by Sgt. Fred Reynolds to pull me over at gun point in my vehicle in Inglewood at 8:00 a.m. They then forced me out of my car at gun point and told me to get into Sgt. Reynolds' Lieutenant's [sic] patrol car." Plaintiff asserts that she was taken back to her house and made to sit in her living room for two hours until a search warrant was obtained. (Plaintiff's Decl. A; see also Objs. at 1-2). In her Supplemental Statement, plaintiff asserts that defendants' uncontroverted fact that "plaintiff was only detained. Plaintiff was not arrested, not handcuffed, nor taking into custody on the day of the search" is disputed by her allegation that Sergeant Reynolds ordered the deputy sheriffs to detain plaintiff "while he sought a search warrant." (Supplemental Statement at 3; Plaintiff's Decl. A). Plaintiff's contention, which is not purported to be based on plaintiff's personal knowledge, that defendant Reynolds "ordered" other deputies to detain her is insufficient evidence that Reynolds was involved in any way in any detention that occurred prior to Reynold's involvement with the execution of a search warrant at her home. As the Magistrate Judge found in the R&R, the undisputed evidence established that the search warrant was executed by Sergeant Reynolds at approximately 9:00 a.m. During the search of her home, plaintiff was detained, but she was not handcuffed or arrested. (See R&R at 7; Defendants' Statement ¶¶ 5-6; Ex. 5 at 78). Although plaintiff references a transcript of Reynolds, she has failed to submit any portion of that transcript to the Court. (See Supplemental Statement at 3). Plaintiff's mere assertion that Reynolds ordered deputies to detain her prior to the execution of the search warrant is altogether insufficient to establish the existence of any Fourth Amendment claim against Reynolds, the only deputy sheriff named as a defendant in this

case. None of the other material facts that plaintiff purports to dispute in her Supplemental Statement alter the Court's conclusions in any respect.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the action, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation and supplemental documents filed by plaintiff. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

    1.    Defendants' motion for summary judgment is granted.

    2.    Plaintiff's state law claims against all defendants are dismissed without prejudice to plaintiff bringing such claims in state court.

    3.    Judgment shall be entered dismissing the action with prejudice.

    4.    The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: November 1, 2010

                              HONORABLE GEORGE H. WU
                              UNITED STATES DISTRICT JUDGE